IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KENNEDY NDU EZEIGWE, :
:
    Petitioner :
:
    v. : CIVIL NO. 3:CV-11-271
:
ERIC HOLDER, ET AL., : (Judge Conaboy)
:
    Respondents :

FILED
SCRANTON
APR 24 2012
PER ___
DEPUTY CLERK

## MEMORANDUM
### Background

    Kennedy Ndu Ezeigwe, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondents are Attorney General Eric Holder; Department of Homeland Security Secretary Janet Napolitano; ICE Field Office Director Thomas Decker; and Warden Mary Sabol of the York County Prison, York, Pennsylvania.[1]

    Petitioner identifies himself as being a native and citizen of Nigeria and states that he entered the United States on

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242. When Petitioner's action was initiated he was confined at the York County Prison. Thus, Warden Sabol will be deemed sole Respondent.

1

August 10, 1985 on a student visa and "again on October 5, 1993" as a lawful permanent resident. Doc. 1, p. 5. Ezeigwe adds that he was convicted of possession of a forged instrument and criminal impersonation in the State of New York. He also acknowledges having prior criminal convictions for identity theft related offenses in the State of New York.

Removal proceedings were initiated by ICE which resulted in Petitioner being taken into ICE custody on or about January 30, 2009. The Petition indicates that an Immigration Judge (IJ) has not yet made a decision as to whether he should be removed from the United States. Petitioner claims that his ongoing mandatory detention by ICE is unconstitutional due to its prolonged duration. As relief, Ezeigwe requests that ICE provide him with an individual bond hearing to determine his suitability for release.

Following service of the Petition, Respondents filed a response asserting that shortly after the filing of this action an IJ, by decision dated February 15, 2011, issued an order of removal in Petitioner's case. See Doc. 12, p. 9. According to the response, an administrative appeal of that decision was pending before the Board of Immigration Appeals (BIA). Respondents argued that Petitioner's continued pre-final order detention was constitutionally permissible because "the

excessive delay in this case is the direct result of numerous request for continuances by Ezeigwe and his attorneys." Id. at p. 15.

Petitioner recently initiated a new § 2241 action with this Court which seeks relief with respect to his post-final order detention. See Ezeigwe v. Holder, et al., Civil No. 3:12-cv-224 (hereinafter "Ezeigwe II"). Therein, Petitioner acknowledges that the BIA affirmed the IJ's order of removal on June 29, 2011. His latest action also indicates that an appeal of the BIA's final administrative order of removal is presently pending before the United States Court of Appeals for the Third Circuit. Furthermore, on August 25, 2011 the Court of Appeals granted Petitioner's motion to stay removal. More importantly, Ezeigwe's latest action indicates that his initially filed petition regarding his pre-final order detention is moot.

### Discussion

Aliens convicted of an aggravated felony or violating controlled substance laws are subject to mandatory detention during the brief period necessary to conduct their administrative removal proceedings under 8 U.S.C. § 1226(c). See Demore v. Kim, 538 U.S. 510, 531 (2003). Demore noted that detention pending completion of removal proceedings "serves the purpose of preventing deportable criminal aliens from fleeing

prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." Id. at 528. The Court also concluded that "[d]etention without bail during removal proceedings is a constitutionally permissible part of that process." Id. at 531.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462

(S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

The gist of Petitioner's pending, initially filed habeas action is his contention that he was being subjected to prolonged mandatory detention pending completion of his removal proceedings. As previously discussed, it is undisputed that shortly after the filing of this action, an IJ ordered Petitioner's removal from this country on February 15, 2011. Petitioner himself via Ezeigwe II subsequently notified this Court that the IJ's order of removal became administratively final in his case on June 29, 2011. Based upon those considerations, Petitioner's initially filed § 2241 action is subject to dismissal on the basis of mootness. Although Petitioner's initially filed claims have been mooted, his recently filed habeas corpus petition, Ezeigwe II, remains pending before this Court. An appropriate order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED; APRIL 23rd, 2012